# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3642

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Jose Ruiz, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: October 7, 2010
Filed: October 7, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jose Ruiz, Sr., pleaded guilty to a drug offense. Pursuant to a plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C) that also included an appeal waiver, the district court[1] sentenced Ruiz to 240 months in prison and also imposed a consecutive 60-month sentence because he committed the offense while on supervised release for a prior offense. Ruiz appeals the sentence. His counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), and moved to withdraw, arguing that we should set aside the appeal waiver and overturn a two-level dangerous

_____

[1]The Honorable JOHN A. JARVEY, United States District Judge for the Southern District of Iowa.

weapon enhancement; that Ruiz's prior counsel was ineffective; and that the district court erred in refusing to recommend that Ruiz be housed with his son, a co-defendant in the case. Ruiz filed a pro se supplemental brief arguing that sentencing him to more than 240 months in prison breached the plea agreement.

We enforce the appeal waiver and reject Ruiz's challenge to the two-level dangerous weapon enhancement. The record persuades us that the plea agreement and appeal waiver were entered into knowingly and voluntarily, and that no miscarriage of justice results from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003). In addition, the consecutive sentence imposed for Ruiz's separate violation of supervised release was not inconsistent with the plea agreement, which addressed only the later offense. Indeed, in a separate statement filed along with the plea agreement, Ruiz acknowledged that an additional sentence might result if he committed the drug offense while on probation for a prior offense.

We decline to consider Ruiz's ineffective-assistance claim on direct appeal; it should be raised in a 28 U.S.C. § 2255 motion. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007). The district court committed no reversible error in declining to recommend that Ruiz be placed at a facility with his son, as the United States Bureau of Prisons designates an inmate's place of confinement. See 18 U.S.C. § 3621(b). We have independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw, conditioned on counsel informing Ruiz of the procedures for seeking rehearing from this court and petitioning the Supreme Court for a writ of certiorari.

_____